

**ORDERED in the Southern District of Florida on June 13, 2019.**

Raymond B. Ray, Judge
United States Bankruptcy Court

_____

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

In re:

SEVEN STARS ON THE HUDSON CORP           CASE NO.: 19-17544-RBR
                                          CHAPTER 11

                    Debtor            /

### INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL
### *NUNC PRO TUNC* TO JUNE 5, 2019 AND SETTING FINAL HEARING DATE

**THIS MATTER** came before the Court on June 12, 2019 upon *Debtor's Expedited Motion to Use Cash Collateral Nunc Pro Tunc to June 5, 2019* (DE #5) (the "Motion"). The Court, having reviewed the Motion, determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, and all parties in interest, heard argument of counsel, finds that good cause exists to grant the Motion.

**IT IS THEREFORE ORDERED:**

1. The Motion is granted and approved on an interim basis pending a final order.

2. Debtor is authorized to use the cash collateral referenced in the Motion.

3. A copy of this Interim Order shall be served on the Notice Parties within three (3) business days from entry.

4. There shall be a carve-out in the budget for the inclusion of fees due the Clerk of Court or the U.S. Trustee pursuant to 28 U.S.C. § 1930.

5. This Interim Order is without prejudice to the rights of the parties to seek any further or different relief, or modification of this Interim Order, including, but not limited to, relief from the automatic stay.

6. Except as expressly provided herein, the rights, claims, and interests of the Debtor, any prepetition lender, and all other parties in interest are hereby reserved.

7. Notwithstanding the provisions of § 552(a) of the Bankruptcy Code, and in addition to the security interests preserved by § 552(b) of the Bankruptcy Code, the Debtor grants in favor of Wells Fargo, as security for all indebtedness that is owed by the Debtor to Wells Fargo, under the secured documentation, but only to the extent that Wells Fargo's cash collateral is used by the Debtor, a post-petition security interest and lien in, to and against any and all assets of the Debtor, to the same extent and priority that Wells Fargo held a properly perfected pre-petition security interest in such assets; <u>provided that</u>, however, under no circumstances shall Wells Fargo have a lien on any causes of action arising under 11 U.S.C. §542 *et seq.*, 547, 548, 549, 550, 551, or any of the Debtor's assets that it did not have a right to pre-petition.

8. As additional adequate protection for and to the extent of the Debtor's use of Cash Collateral pursuant to this Order, the Debtor shall remit adequate protection payments commencing on or before **June 20, 2019** and continuing the 20th day of each month

thereafter during this pending Chapter 11 case in the amount of **$12,500.00** per month until further Order of this Court.

9. Payment shall be made at the following address: Wells Fargo Bank, Attn: Sherry Bach 1620 E. Roseville Parkway Ste 100, Roseville, CA  95661.

10. The Debtor shall be in compliance with this Order by timely making all adequate protection payments to Wells Fargo. The Debtor shall be in Default under this Order if it fails to make the adequate protection payments when due and does not cure such default as set forth in paragraph 11 below.

11. In the event the Debtor defaults by failing to make the adequate protection payments when due, then Wells Fargo through its counsel shall provide written notice to Debtor's counsel via email at **sonya@msbankrupt.com** and **zachary@msbankrupt.com**.  In the event the Default is not cured within five (5) days after Wells Fargo provides notice to Debtor's counsel of the Default, Wells Fargo shall file an Affidavit of Default with this Court. The Affidavit of Default shall set forth specific facts establishing that: (a) a default occurred; (b) Wells Fargo (or its attorneys) provided Debtor's counsel with email notification of the default; and (c) Debtor failed to cure the default within the five (5) day period.  Upon the filing of the Affidavit of Default Wells Fargo shall be entitled to immediate relief without further hearing.

12. Notwithstanding the above or anything to the contrary in this Order, the finding that Wells Fargo's interest is adequately protected is without prejudice to the rights of Wells Fargo to seek modification of the adequate protection provided in this Order.

13. The Debtors' authorization to use cash collateral is limited to a variance not to exceed 10% of any particular line item expense on the budgets attached to the Motion, unless otherwise agreed in writing between the parties or by Order of this Court.

14. A final hearing shall be held on ***August 28, 2019 at 10:00 a.m. at the United States Courthouse, 299 E. Broward Blvd., Courtroom 308, Fort Lauderdale, Florida 33301***, and any objections to Debtor's use of cash collateral must be served on Debtor's counsel two (2) business days prior to the final hearing.

### ###

Submitted by:  Sonya Salkin Slott, Esq.
 FLBN 603910
 The Salkin Law Firm
 PO Box 15580
 Plantation, FL 33318
 954-423-4469
 sonya@msbankrupt.com

Mrs. Slott will serve a signed copy of the order on all interested parties and file a certificate of service with the Court.