**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

In re:

SEVEN STARS ON THE HUDSON CORP.             CASE NO.: 19-17544-RBR
                                            CHAPTER 11

_____Debtor_____/

**DEBTOR IN POSSESSION'S APPLICATION TO RETAIN THE LAW OFFICE OF KATHLEEN A. DALY, P.A. AS SPECIAL COUNSEL FOR THE DEBTOR, *NUNC PRO TUNC* TO THE PETITION DATE**

Seven Stars on the Hudson Corp, Debtor in possession, respectfully requests an order of the Court authorizing the employment of Kathleen A. Daly, Esq. of the law office of Kathleen A. Daly, P.A. ("Special Counsel") as special counsel in this case and states:

1. Chapter 11 Case. On June 5, 2019, the Debtor filed a voluntary petition under chapter 11 of the United States Bankruptcy Code.

2. Description of Debtor and Debtor's Business. Debtor is a trampoline amusement park which operates out of its leased location at 5300 Powerline Road, Fort Lauderdale, Florida 33309 ("Premises").

3. Special Purpose. Special Counsel will represent the Debtor in connection with a lawsuit against the landlord of the Premises.

4. Qualifications. Special Counsel has been selected because Special Counsel has experience in matters of this nature and is well qualified to provide necessary services to the Debtor.

5. Terms of Compensation. The Debtor-In-Possession ("DIP") and Applicant have agreed upon the following terms of compensation and reimbursement of actual, reasonable necessary expenses attendant to the proposed services of Applicant:

(i) <u>Fees:</u>

    (a) Applicant received a pre-petition retainer of $5,000.00 from the DIP in April 2019 (the "Pre-petition Retainer"). Upon Bankruptcy Court approval of the terms proposed herein, the principals of the Debtor-in–Possession, Jens Berding and Eddy Manzo-Berding (collectively, "Berdings") shall advance an additional $2,500.00 to Applicant (the "Supplemental Retainer"), subject to the right of the Berdings to seek reimbursement of the Supplemental Retainer as a Chapter 11 administrative claim if and when funds are available to pay such, and only upon subsequent motion and order of the United States Bankruptcy Court for the Southern District of Florida, Fort Lauderdale Division, in *In re Seven Stars on the Hudson Corp*, case number 19-17544-RBR (the "Bankruptcy Court"). The Pre-petition Retainer and Supplemental Retainer, totaling $7,500.00, are hereafter collectively referred to as "First Retainer."

    (b) In addition, one-hundred twenty (120) days after entry of the order approving retention of Applicant, Applicant shall be entitled to the payment of a second retainer of an additional $7,500.00 (the "Second Retainer"). The Second Retainer shall be paid by the Berdings, subject to the right of the Berdings to seek reimbursement of the Second Retainer as a Chapter 11 administrative claim if and when funds are available to pay such, and only upon subsequent motion and order of the Bankruptcy Court. The First Retainer and Second Retainer (totaling $15,000.00) are sometimes hereinafter referred to collectively as the "Retainers."

    (c) The Applicant shall bill against, and be paid from, the Retainers at her standard billable rate of $250.00 per hour. The DIP reserves to the right to object in writing to the bills of the Applicant. In turn, Applicant reserves the right to withdraw from the Retainers to be approved herein, such withdrawal only to be effective upon order of the Bankruptcy Court so authorizing if any such payment disputes are not resolved by mutual agreement.

    (d) After exhaustion of the $15,000.00 provided under the Retainers, all work performed by Applicant shall be performed under a contingency fee arrangement whereby the Applicant shall be entitle to receive one-third (33 and ⅓ percent) of all gross funds actually recovered by and paid to the DIP as damages in the litigation to be brought by the Applicant on behalf of the DIP (the "Contingency Fee"). The first $15,000.00 of the Contingency Fee shall be deemed paid by crediting the payment of the initial $15,000.00 under the Retainers.

(ii)     <u>Expenses:</u>

    (a) Applicant shall be entitled to the payment of the actual, reasonable necessary expenses incurred in prosecuting the litigation contemplated by this retention ("Expenses"). Applicant shall present a billing of all such Expenses by the 15th of each month to the DIP (through both its bankruptcy counsel of record and the Principals) for the prior month's expenses. Any month's Expenses not requested by the 15th of the next month may be included in requests submitted in subsequent months.

    (b) The Expenses shall be paid to Applicant within 45 days of their submission to the DIP. Expenses shall be paid directly to Applicant by the DIP upon an order of the Bankruptcy Court so authorizing. In the event such order is not obtained, then the Expenses shall be paid by the Berdings, subject to the right of the Berdings to seek reimbursement of the paid Expenses as a Chapter 11 administrative claim if and when funds are available to pay such, and only upon subsequent motion and order of the Bankruptcy Court.

    (c) The DIP reserves to the right to object in writing to the claimed Expenses of the Applicant. In turn, Applicant reserves the right to withdraw from the retention to be approved herein (such withdrawal only to be effective upon order of the Bankruptcy Court so authorizing) if any such payment disputes are not resolved by mutual agreement.

(iii) <u>Exclusive Bankruptcy Court Jurisdiction Over the Parties as to All Aspects of this Agreement</u>

    (a) Applicant, DIP and the Berdings shall be subject to the exclusive jurisdiction of the Bankruptcy Court as to all aspects of professional compensation and reimbursement of expenses addressed herein.

    (b) Nothing contained herein shall limit the authority of the Bankruptcy Court to adjudicate any issues relating to the retention and compensation of professionals pursuant to Chapter 3 of Title 11, United States Code.

6. <u>Disinterested.</u> Debtor is informed and believes that Special Counsel is a disinterested person within the meaning of 11 U.S.C. § 101(14) and holds no interest adverse to the estate.

7. <u>Verified Statement.</u> A verified statement of Kathleen A. Daly, Esq. in support of this application is attached hereto.

WHEREFORE, the Debtor respectfully requests and order authorizing retention of Kathleen A. Daly, Esq. of the Law Office of Kathleen A. Daly, P.A., as Special Counsel, *nunc pro tunc* to the date of the Chapter 11 petition.

| | |
|---|---|
| Dated: July 8, 2019 | By: /s/ Sonya Salkin Slott, Esq. <br> Sonya Salkin Slott, Esq. <br> FLBN 603910 <br><br> The Salkin Law Firm, P.A. <br> PO Box 15580 <br> Plantation, FL 33318 <br> 954-423-4469 <br> *Attorney for Debtor* |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

SEVEN STARS ON THE HUDSON CORP.                CASE NO.: 19-17544-RBR
                                               CHAPTER 11

_____Debtor_____/

### VERIFIED STATEMENT OF KATHLEEN A. DALY, ESQ. IN SUPPORT OF APPLICATION TO EMPLOY SPECIAL COUNSEL

This declaration is filed pursuant to F.R.B.P. 2014 in support of Debtor's Application to Employ the law office of Kathleen A. Daly, P.A. ("Special Counsel"):

1. I am an attorney licensed to practice in the State of Florida.

2. I am an attorney with the Law Office of Kathleen A. Daly, P.A., with offices located at 515 N. Flagler Drive, Suite P300, West Palm Beach, Florida 33401.

3. I am willing to accept employment by the Debtor on the basis set forth in the annexed application.

4. Neither I nor the Firm have any interest adverse to the Debtor or to the estate with respect to the matters on which I seek to be employed.

5. Neither I nor anyone in the Firm have any connections with the debtor, creditors, or any other party in interest in this case, their respective attorneys and accountants, with the United States Trustee, or with any person employed in the Office of the United States Trustee.

6. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 26, 2019

_____
Kathleen A. Daly, Esq.
The Law Offices of Kathleen A. Daly, P.A.
515 N. Flagler Drive, Suite P300
West Palm Beach, FL 33401
FLBN 112438
Telephone: 561-293-8514 > 917-501-2437
Email: kdaly@kadalylaw.com

# Law Office of Kathleen A. Daly, P.A.

515 N. Flagler Drive, Ste. P-300
West Palm Beach, FL 33401
(561) 293-8514 (Office)
(917) 301-2437 (Cell)
(800) 395-8692 (Fax)
kdaly@kadalylaw.com

## CONTRACT FOR LEGAL SERVICES

THIS CONTRACT FOR LEGAL SERVICES ("Agreement") made and entered into this __ day of July, 2019 by and between, JENS A. BERDING and EDDY MANZO-BERDING, each having an address 2108 NE 63rd St., Ft. Lauderdale, FL 33305 (collectively the "Berdings ") and SEVEN STARS ON THE HUDSON CORP. ("Seven Stars" or "Client"),   located at 5300 N. Powerline Rd., Bay 6 & 7, Ft. Lauderdale FL 33309 (the "Premises).  The LAW OFFICE OF KATHLEEN A. DALY, P.A., 515 N. Flagler Drive, Ste. P-300, West Palm Beach, FL 33401, hereinafter is referred to as "ATTORNEY":

**WITNESSETH:**

The CLIENT is the Chapter 11 Debtor in the bankruptcy case of *In re Seven Stars on the Hudson Corp,* case number 19-17544-RBR (the "Bankruptcy Case") currently pending in the United States Bankruptcy Court for the Southern District of Florida, Fort Lauderdale division (the "Bankruptcy Court"). The Berdings are the sole principals of the CLIENT and are authorized to act on its behalf, subject to the requisite approvals of the Bankruptcy Court..

The retention of  ATTORNEY contemplated by this Agreement is for legal services in conjunction with a lawsuit to be commenced by the CLIENT against the landlord of the Premises as well as other entities or persons acting against the Debtor's interests in connection with its use of the Premises.

By this retainer agreement, after Bankruptcy Court approval of the same, CLIENT  hereby gives to said ATTORNEY the exclusive right to take all legal steps to represent the CLIENT'S interests with respect to the litigation noted above and ATTORNEY promises to work with CLIENT'S other counsel in connection with the prosecution of all claims asserted and to be asserted in the contemplated action noted above.

In April of 2019, CLIENT and the Berding Individuals were a party to a previous agreement for the provision of legal services (the "April 2019 Agreement") by the ATTORNEY.  The ATTORNEY received a $5,000.00 retainer payment in conjunction with the April 2019 Agreement. This Agreement supplants and replaces the April 2019 Agreement as to the CLIENT without disturbing the $5,000.00 retainer already received by the ATTORNEY, as more fully described in the financial terms described below.

Fees:

(a)     ATTORNEY received a pre-petition retainer of $5,000.00 from the CLIENT in April 2019 (the "Pre-petition Retainer"). Upon Bankruptcy Court approval of the terms proposed herein, the Berdings shall advance an additional $2,500.00 to ATTORNEY (the "Supplemental Retainer"), subject to the right of the Berdings to seek reimbursement of the Supplemental Retainer as a Chapter 11 administrative claim if and when funds are available to pay such, and only upon subsequent motion and order of the Bankruptcy Court. The Pre-petition Retainer and Supplemental Retainer, totaling $7,500.00, are hereafter collectively referred to as "First Retainer."

(b)     In addition, one-hundred twenty (120) days after entry of the Bankruptcy Court order approving retention of ATTORNEY, ATTORNEY shall be entitled to the payment of a second retainer of an additional $7,500.00 (the "Second Retainer"). The Second Retainer shall be paid by the Berdings, subject to the right of the Berdings to seek reimbursement of the Second Retainer as a Chapter 11 administrative claim if and when funds are available to pay such, and only upon subsequent motion and order of the Bankruptcy Court. The First Retainer and Second Retainer (totaling $15,000.00) are sometimes hereinafter referred to collectively as the "Retainers."

(c)     The ATTORNEY shall bill against, and be paid from, the Retainers at her standard billable rate of $250.00 per hour. The CLIENT reserves to the right to object in writing to the bills of the ATTORNEY. In turn, ATTORNEY reserves the right to withdraw from the Retainers to be approved herein, such withdrawal only to be effective upon order of the Bankruptcy Court so authorizing if any such payment disputes are not resolved by mutual agreement.

(d)     After exhaustion of the $15,000.00 provided under the Retainers, all work performed by ATTORNEY shall be performed under a contingency fee arrangement whereby the ATTORNEY shall be entitle to receive one-third (33 and ⅓ percent) of all gross funds actually recovered by and paid to the CLIENT as damages in the litigation to be brought by the ATTORNEY on behalf of the CLIENT (the "Contingency Fee"). The first $15,000.00 of the Contingency Fee shall be deemed paid by crediting the payment of the initial $15,000.00 under the Retainers.

Expenses:

(a)     ATTORNEY shall be entitled to the payment of the actual, reasonable necessary expenses incurred in prosecuting the litigation contemplated by this retention ("Expenses"). ATTORNEY shall present a billing of all such Expenses by the 15th of each month to the CLIENT (through both its bankruptcy counsel of record and the Principals) for the prior month's expenses. Any month's Expenses not requested by the 15th of the next month may be included in requests submitted in subsequent months.

(b)     The Expenses shall be paid to ATTORNEY within 45 days of their submission to the CLIENT. Expenses shall be paid directly to ATTORNEY by the CLIENT upon an order of the Bankruptcy Court so authorizing. In the event such order is not obtained, then the Expenses shall

be paid by the Berdings, subject to the right of the Berdings to seek reimbursement of the paid Expenses as a Chapter 11 administrative claim if and when funds are available to pay such, and only upon subsequent motion and order of the Bankruptcy Court.

(c)     The CLIENT reserves the right to object in writing to the claimed Expenses of the ATTORNEY. In turn, ATTORNEY reserves the right to withdraw from the retention to be approved herein (such withdrawal only to be effective upon order of the Bankruptcy Court so authorizing) if any such payment disputes are not resolved by mutual agreement.

CLIENT and the Berdings acknowledge that the basis of computing ATTORNEY's compensation has been fully explained to CLIENT and the Berdings, and that ATTORNEY's compensation is based upon, among other factors, the time and labor involved, the novelty or difficulty of questions presented, the results obtained, time limitations imposed by this representation, and the reputation, experience and ability of ATTORNEY in performing this type of service.

CLIENT and the Berdings acknowledge that the ATTORNEY has made no promises to CLIENT or the Berdings as to the outcome of the case except that the ATTORNEY has promised to render her best professional skill.

IT IS FURTHER UNDERSTOOD that the fee agreed on herein does NOT include services for an appeal, post-trial motion, or retrial if such should become necessary. In the event an appeal or retrial is filed, the parties agree to enter into a new and separate agreement, subject to additional Bankruptcy Court approval as may be required.

THE SIGNATURES OF THE CLIENT AND THE BERDINGS HEREON SHALL CONSTITUTE ATTORNEY'S AUTHORITY TO PROCEED WITH THIS REPRESENTATION, with the approval of the Bankruptcy Court a necessary condition subsequent to representation continuing.

CLIENT and the Berdings hereby acknowledge that all of the terms of this agreement have been fully explained to them, and that CLIENT and the Berdings fully understand all of the provisions herein.

By: _____
Kathleen A. Daly

ACCEPTED AND APPROVED:
Date: July __, 2019.

_____
JENS A. BERDING

_____
EDDY MANZO-BERDING

CLIENT: SEVEN STARS ON THE HUDSON CORP.
BY: _____
Title: Co-Owner