**EXHIBIT 2**

Case 19-17544-RBR    Doc 37-2    Filed 07/19/19    Page 2 of 9

## SECOND AMENDMENT TO LEASE AGREEMENT

THIS SECOND AMENDMENT TO LEASE AGREEMENT ("Second Amendment") made and entered into this 06 day of June, 2016 by and between **MDG POWERLINE HOLDINGS, LLC,** a Florida limited liability company having an office at 18001 Collins Ave, 31st Floor, Sunny Isles Beach, FL 33160 and/or its assigns ("Landlord") and **Seven Stars on the Hudson Corporation,** a Florida corporation, having an office at 2108 NE 63rd Street, Fort Lauderdale, Florida 33308 ("Tenant"), collectively referred to as "Parties".

### WITNESSETH:

WHEREAS, Landlord and Tenant entered into a Lease Agreement executed on November 23, 2015 and First Amendment to Lease Agreement executed on March 3, 2016 (collectively referred to as the "Lease"), pursuant to which the Tenant agreed to lease the Premises described in the Lease; and

WHEREAS, Landlord and Tenant have agreed to amend certain provisions to the Lease;

NOW, THEREFORE, in consideration of the mutual covenants, promises and agreements contained in this Second Amendment, and for other good and valuable consideration exchanged between the Parties, the receipt and sufficiency of which are hereby acknowledged, it is hereby agreed as follows:

1. All capitalized terms used but not otherwise defined herein shall have the identical, respective meanings ascribed to them in the Lease.

2. Where any provision of this Second Amendment conflict with, or are inconsistent with, any provisions of the Lease, then the provisions of this Second Amendment shall control.

3. Notwithstanding anything to the contrary contained in the Lease, it is hereby agreed as follows:

    a. There are currently no outstanding contingencies associated with the commencement of Rent and Tenant's obligation to pay Rent in accordance with the Lease.

    b. Section 4 (Premises) of the Basic Lease Provisions of the Lease is deleted in its entirety and replaced with the following:

    **PREMISES:** 5300 N. Powerline Road, Fort Lauderdale, FL 333309; A portion of Bays 6 and 7 of the first floor as approximately depicted with cross hatching on Exhibit A-1 and a portion of Bays 6, 7 and 8 of the second floor ("Mezzanine Area") as approximately depicted with the cross hatching on Exhibit A-2 (See Section 1.01)

1    Landlord's Initials: _____    Tenants Initials: _____

Landlord shall make no further changes or alterations to the layout and dimensions of the Premises without the prior consent of the Tenant.

c. Section 5 (Floor Area of the Premises) of the Basic Lease Provisions of the Lease is deleted in its entirety and replaced with the following:

**FLOOR AREA OF PREMISES:** Approximately Eighteen Thousand Two Hundred (18,200) square feet of first Floor Area and Two Thousand Nine Hundred (2,900) square feet of Mezzanine Area.

d. Section 6 (Landlord's Work) of the Basic Lease Provisions of the Lease is deleted in its entirety and replaced with the following:

**LANDLORD'S WORK:** Landlord warrants the roof to be in good repair. As a part of Landlord's work and a condition to delivery of possession, Landlord will remove all asbestos and asbestos containing materials and remediate or abate all existing contaminants, pollutants, hazardous materials, and mold. Landlord shall deliver the Premises in broom clean condition and install demising partitions with dry wall sanded, taped and ready for paint.

Landlord is responsible for the purchase and installation of HVAC for the Premises at a rate of 3 tons per 1,000 SF. Tenant shall reimburse Landlord for the actual, reasonable, costs of the units. ~~Contemporaneous with the execution of this Second Amendment, Tenant shall deliver to Landlord a deposit of Thirty Thousand Dollars ($30,000) to be credited toward the cost of the HVAC installation.~~

Landlord shall further be responsible for the construction of the communal restrooms located in Bay 5 at 5300 N. Powerline Road, which will be utilized by Tenant's patrons. Tenant shall pay a one-time reimbursement to the Landlord of Forty Five Percent (45%) of all costs incurred for the construction of the communal restrooms. The one time fee for construction shall not exceed Fifty Five Thousand Dollars ($55,000). Notwithstanding all of the foregoing, Tenant shall otherwise accept the Premises in As-Is condition.

e. Section 9 (Commencement Date/Rent Commencement Date) of the Basic Lease Provisions of the Lease is deleted in its entirety and replaced with the following:

**COMMENCEMENT DATE:** November 23, 2015;

**RENT COMMENCEMENT DATE:** September 1, 2016 or issuance of a Temporary or Permanent Certificate of Occupancy ("C.O.") for the Premises, whichever occurs first.

2    Landlord's Initials: _____    Tenants Initials: _____

f. Section 11 (Gross Rent) of the Basic Lease Provisions of the Lease is deleted in its entirety and replaced with the following:

**GROSS RENT:** Gross Rent shall be paid in equal monthly payments. (Section 3.02). Subject to the exercise of the Renewal Options, annual Gross Rent shall be as follows:

  i. November 23, 2015 through August 31, 2016 (or issuance of C.O.) = $0

  ii. September 1, 2016 (or issuance of C.O.) through November 30, 2016 = $361,818.18/year ($30,151.52/month)

  iii. December 1, 2016 through November 30, 2017 = $366,181.82/year ($30,515.15/month)

  iv. December 1, 2017 through November 30, 2018 = $370,545.45/year ($30,878.79/month)

  v. December 1, 2018 through November 30, 2019 = $374,909.10/year ($31,242.43/month)

  vi. December 1, 2019 through November 30, 2020 = $379,272.73/year ($31,606.06/month)

  vii. December 1, 2020 through November 30, 2025 = $422,000 / year ($35,166.67/month)

  viii. During Renewal Periods Rent will increase, by Ten Percent (10%) over the Gross Rent due during the then current Term.

In the event that the Rent Commencement is a date earlier than September 1, 2016, due to issuance of the Temporary or Permanent Certificate of Occupancy, all of the foregoing dates will be adjusted to reflect the actual Rent Commencement Date.

g. Section 15 (Signage) of the Basic Lease Provisions of the Lease is deleted in its entirety and replaced with the following:

**SIGNAGE:** Tenant will be permitted to install the maximum amount of signage allowable by local code on both the east and west façade of the building as well as signage in the interior of the Premises near the front of the building, subject to Landlord approval, which shall not be unreasonably withheld. Tenant shall also have rights to the pro-rata portion of or dedicated panel on any existing or future pylon or monument, signage for the Project.

3    Landlord's Initials: _____    Tenants Initials: _____

h. Section 6.01 (Use Of Premises) of the Lease shall be amended by adding the following subsections:

(b) Tenant shall be permitted to install "waiver stations" outside of the leased Premises within the building. The placement and appearance of the subject waiver stations shall be in location and form as shown in Exhibit B. Tenant shall submit, for Landlord's approval, its proposed waiver language and any amendment to same prior to the waiver being used.

(c) In the event that Landlord reconstructs and/or expands the front desk area outside the lease Premises within the building and said reconstruction provides sufficient room for Tenant to place its registration area within same, the parties agree that Tenant shall be permitted to perform its registration activities, subject to the terms and conditions set forth by Landlord, in the above mentioned reconstructed and expanded front desk area. Landlord agrees that if it reconstructs and expands the front desk area, it will use its best effort to accommodate Tenant at the new front desk.

i. Exhibit A (Premises) of the Lease is deleted in its entirety and replaced with Exhibits A-1 and A-2 attached hereto and incorporated herein.

4. All other terms and provisions of the Lease not in conflict with the terms and provisions contained herein, shall remain in full force and effect and are hereby deemed ratified by each of the parties thereto.

5. Miscellaneous. This Second Amendment may be signed in more than one counterpart and/or by facsimile or electronic mail, in which case each counterpart shall constitute an original. Paragraph headings are for convenience only and are not intended to expand or restrict the scope or substance of the provisions of this Second Amendment. Wherever used herein, the singular shall include the plural, the plural shall include the singular, and pronouns shall be read as masculine, feminine or neutral as the context requires.

**SIGNATURES FOLLOW ON THE NEXT PAGE**

4    Landlord's Initials: _____    Tenants Initials: _____

**IN WITNESS WHEREOF**, the Parties have duly executed this Second Amendment the day and year first above written.  Individuals signing on behalf of a principal warrant that they have the authority to bind their principals.  Signed, sealed and delivered in the presence of:

**WITNESSES:**

Print Name: _____

Print Name: _____

Print Name: _____

Print Name: _____

**LANDLORD:**
**MDG POWERLINE HOLDINGS, LLC.**

_/s/ Michael Dezer_
Michael Dezer
Manager

**TENANT:**
**Seven Stars on the Hudson Corporation**

_/s/ Jens Berding_
Jens Berding
President

# EXHIBIT A-1

## PREMISES



THIS EXHIBIT IS DIAGRAMMATIC ONLY AND IS INTENDED ONLY TO SHOW THE GENERAL LOCATION AND CONFIGURATION OF THE PREMISES AS THEY ARE CURRENTLY EXPECTED TO EXIST AS OF THE DATE THE PREMISES ARE DELIVERED TO TENANT.

Landlord's Initials: _____    Tenants Initials: _____

i

## EXHIBIT A-2

### PREMISES



THIS EXHIBIT IS DIAGRAMMATIC ONLY AND IS INTENDED ONLY TO SHOW THE GENERAL LOCATION AND CONFIGURATION OF THE PREMISES AS THEY ARE CURRENTLY EXPECTED TO EXIST AS OF THE DATE THE PREMISES ARE DELIVERED TO TENANT.

ii    Landlord's Initials: _____    Tenants Initials: _____