**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SEVEN STARS ON THE HUDSON CORP., | ) | Case No. 19-17544 |
|  | ) |  |
| Debtor. | ) |  |
| _____ | ) |  |

**MOTION OF ROCKIN' JUMP, LLC FOR AN ORDER GRANTING RELIEF
FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**

**Any interested party who fails to file and serve a written response to this motion
within 14 days after the date of service stated in this motion shall, pursuant to Local
Rule 4001-1(C), be deemed to have consented to the entry of an order granting the
relief requested in the motion.**

Rockin' Jump, LLC ("Movant"), by and through its undersigned counsel, hereby moves

(the "Motion") this Court for an order (i) granting immediate relief from the automatic

stay for "cause," pursuant to section 362(d)(1) of title 11 of the United States Code, 11 U.S.C. §

101 *et seq.* (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), and Rule 4001-1 of the Local Bankruptcy Rules (the "Local Rules")

of the United States Bankruptcy Court for the Southern District of Florida (the "Court") to allow

Movant to (i) terminate its Franchise Agreement with Seven Stars on the Hudson, LLC (the

"*Debtor*") based upon its continuing pre-petition and post-petition defaults thereunder, and (ii)

terminate the insurance policies made available to the Debtor under the franchise arrangement

based upon the Debtor's failure to pay or reimburse the required premiums.  In support of the

Motion, the Movant states as follows:

## I.    JURISDICTION AND VENUE

1.      This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

## II    BACKGROUND

2.      On June 5, 2019 (the "*Petition Date*"), the Debtor filed a voluntary petition in this Court for relief under chapter 11 of title 11 of the Bankruptcy Code.

3.      The Movant is a franchisor of indoor trampoline parks and entertainment facilities with its principal place of operations in Pleasanton, California.

4.      On or about December 15, 2014, the Movant and Five Stars on the Hudson, LLC, entered into a Franchise Agreement with the purpose to operate a trampoline park. A true and correct copy of the original Franchise Agreement is attached hereto as Exhibit A.

5.      On or about December 7, 2015, the Movant consented to Five Stars on the Hudson, LLC assigning all of its rights, title and interest to the Debtor.  A true and correct copy of the First Amendment the Franchise Agreement is attached hereto as Exhibit B.

6.      At all times relevant hereto, the Debtor owned and operated a trampoline amusement park having its principal place of business in Fort Lauderdale, Florida.

7.      Prior to the Petition Date, on or about May 6, 2019, the Movant was in default of its obligations under the Franchise Agreement.  The Movant sent the Debtor a Notice of Default for its failure to pay royalties and advertising fees pursuant to Sections 5.2 and 10.1 of the Franchise Agreement.  Sections 5.4 and 5.7 of the Franchise Agreement authorize the Movant to charge the Debtor 18% interest for all payments owed and impose a Non-compliance Fine of $250 per day for each day that the Debtor remains out of compliance.  A true and correct copy of the Notice of Default is attached hereto as Exhibit C.

8.      The Notice of Default also includes a line item for unpaid insurance premiums. After the Debtor failed to maintain insurance coverage pursuant to Section 9.9 of the Franchise Agreement, the Debtor was required to reimburse the Movant for the insurance it purchased on the Debtor's behalf.  The Debtor has yet to reimburse the Movant for the insurance premiums it advanced.  A true and correct copy of the invoices the Movant sent to the Debtor to reimburse the Movant for the insurance premiums paid is attached hereto as Exhibit D.

9.      To date, the Debtor has neither rejected nor assumed the Franchise Agreement. Even if the Debtor offered to assume the Franchise Agreement, the Movant would not consent.

10.      The budget referenced in the Cash Collateral Order entered by this Court on June 14, 2019 does not include any payment due or owing to the Movant; it has a recurring monthly expense for "Rebranding Costs." *See* Dkt. Nos. 5, 21.

11.      The amount of the Debtor's indebtedness to Rockin' Jump is reflected on the Indebtedness Worksheet attached hereto as Exhibit E.

**III    BASIS FOR RELIEF**

12.      Section 362(d)(1) of the Bankruptcy Code provides that the Court "shall" grant relief from the stay "for cause, including the lack of adequate protection of an interest in property." 11 U.S.C. § 362(d)(1).  "Cause" is not defined in the Bankruptcy Code.  *In re Aloisi*, 261 B.R. 504, 508 (Bankr. M.D. Fla. 2001).  Thus, courts must determine "cause" by examining the totality of the circumstances in each particular case.  *In re Mack*, 347 B.R. 911, 915-16 (Bankr. M.D. Fla. 2006); *In re Aloisi*, 261 B.R. at 508.

13.      Cause exists to grant the Movant relief from stay to (i) terminate the Franchise Agreement and (ii) terminate the insurance policies made available to the Debtor under the franchise arrangement.  Not only is the Debtor in breach of the Franchise Agreement, including

- 3 -

its failure to pay post-petition royalty fees and insurance premiums, upon information and belief, the Debtor has no intention of assuming the Franchise Agreement and no longer intends to operate its business as a franchisee.  The Debtor removed the signage from its facility denoting its association with the Movant.  Moreover, the cash collateral budget approved by the court does not provide for payment of the post-petition royalty fees and insurance premiums owing to the Movant.  Instead, it includes a line item for "Rebranding Costs."  *See In re Taylor Inv. Partners II, LLC*, 533 B.R. 837, 843 (Bankr. N.D. Ga. 2015) (granting franchisor stay relief because in the absence of assumption the available options were sufficient for cause, including rejection under Section 365 and letting the franchise agreement 'ride-through' as if the bankruptcy never happened); *In re B-K of Kansas Inc*., 69 B.R. 812, 815 (Bankr. D. Kan. 1987) (granting franchisor stay relief because *inter alia*, the arrearages on royalties and advertising are accumulating at an enormous rate and the movant's reputation to the general public is at stake).

14.    Facts similar to *In re Taylor Inv. Partners II* are present in this case because the Debtor has neither assumed nor rejected the franchise agreement.  Central to that Court's opinion was the debtor's inability to assume the franchise agreement.

15.    The case in *In re Taylor Inv. Partners II* turned in part on its interpretation of Section 365(c) of the Bankruptcy Code, which governs the Trustee's ability to assume executory agreements and it provides, in relevant part, that:

The trustee may not assume or assign any executory contract or unexpired lease of the debtor, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties, if—

(1)(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an

- 4 -

entity other than the debtor or the debtor in possession, whether or not such

contract or lease prohibits or restricts assignment of rights or delegation of

duties; and

(B) such party does not consent to such assumption or assignment; ...

16.    The Court in *In re Wellington* clarified that the reference to trustee in Section 365

applies to debtors in possession. *In re Wellington Vision, Inc*., 364 B.R. 129, 136 - 137 (S.D. Fla.

2007).  That Court also upheld the bankruptcy court's order granting relief from the automatic

stay because the applicable law referred to in Section 365(c) invoked federal trademark law

because the franchise agreement granted the franchisee a non-exclusive license for the use of its

trademark and because of that, the franchisor was entitled to protections under federal trademark

law, including restrictions on assignment.  *See In re Wellington Vision, Inc*., 364 B.R. at 135-

136.

17.    The Franchise Agreement in the present case includes similar "non-exclusive

license" language found in *In re Wellington*.  Section 3.1 ("Grant of Franchise") of the Franchise

Agreement states that the Movant granted the Debtor "a nonexclusive license to use the Marks[1]

and the System."[2] Based on the foregoing, the Debtor is unable to force an assumption or

assignment of the franchise over the Movant's objection.

18.    The Debtor's arrears on royalty fees and ad fees are accumulating pursuant to the

interest and fines outlined in Sections 5.4 and 5.7 of the Franchise Agreement.  In response, the

---

[1] "Marks" - The current and future tradenames, trademarks, service marks and trade dress used to identify the services and/or products offered by ROCKIN' JUMP businesses, including the mark "ROCKIN' JUMP" and the distinctive building design and color scheme of ROCKIN' JUMP businesses. *See* Franchise Agreement, p. 9

[2] "System" - The business methods, designs and arrangements for developing and operating ROCKIN' JUMP businesses, which include the Marks, building design and layouts, equipment, training, and certain operating and business standards and policies, all of which we may improve, further develop or otherwise modify from time to time. *See* Franchise Agreement, p. 10.

Debtor refuses to budget for, much less pay what is due and owing to the Movant.  With respect to insurance coverage, the Debtor has forced the Movant to acquire insurance on its behalf and has not reimbursed the Movant for the insurance premiums paid to date.  Lastly, the Movant has yet to receive any adequate assurance from the Debtor that they are not using the Movant's trademarks, thereby putting the Movant's reputation to the general public at risk.

WHEREFORE, Rockin' Jump, LLC respectfully request entry of an order in the form of Exhibit F hereto granting relief from the automatic stay and authorizing Rockin' Jump, LLC to enforce whatever rights they may have under applicable non-bankruptcy law and waive the 14-day requirement pursuant to Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

Dated: August 5, 2019             By:     _/s/ Joseph M. Wasserkrug_____
                                        Joseph M. Wasserkrug
                                        McDermott Will & Emery LLP
                                        333 SE 2nd Avenue, Suite 4500
                                        Miami, FL 33131-4336
                                        T: 305.347.6517 | F: 305.675.8403
                                        jwasserkrug@mwe.com
                                        Florida Bar No.: 112274

                                        Brandon Q. White
                                        McDermott Will & Emery LLP
                                        444 W. Lake Street, Suite 4000
                                        Chicago, IL 60606-0029
                                        Main Tel. No. (312) 372-2000
                                        Direct Dial Tel. No. (312) 984-6991
                                        Facsimile No. (312) 277-7504
                                        bqwhite@mwe.com
                                        Illinois Bar No. 6310472
                                        *Pro hac vice pending*

                                        Nathan F. Coco
                                        McDermott Will & Emery LLP
                                        Two Allen Center
                                        1200 Smith Street, Suite 1600
                                        Houston, TX 77002-4403
                                        Main Tel. No. (713) 653-1700
                                        Direct Dial Tel. No. (713) 653-1775
                                        Facsimile No. (713) 583-60143

ncoco@mwe.com
Texas Bar No.  24091122
*Pro hac vice pending*

*Attorneys for Rockin' Jump, LLC*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 5, 2019, a true and correct copy of the foregoing was served by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notice of filing in this case, the debtor, the attorney for the debtor, and the Office of the United States Trustee.

 /s/ Joseph M. Wasserkrug
Joseph M. Wasserkrug