UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:                                                                              CASE NO.: 19-17544-SMG

SEVEN STARS ON THE HUDSON, CORP.,                    CHAPTER 11

    Debtor
_____/

**DEBTOR'S MOTION TO ASSUME UNEXPIRED LEASE OF NONRESIDENTIAL PROPERTY PURSUANT TO BANKRUPTCY CODE §§ 365(a)(d)(4)**

Debtor-in-possession, Rockin' Jump, LLC ("Debtor"), by and through its undersigned counsel, files *Debtor's Motion to Assume Unexpired Lease of Nonresidential Property Pursuant to Bankruptcy Code §§ 365(a)(d)(4)* (the "Motion"), and in support states the following facts:

1. On June 5, 2019 (the "petition date"), the Debtor filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code. Pursuant to Bankruptcy Code §§ 1107 and 1108, Debtor continued in possession and operation of business and property, as a debtor-in-possession.

2. The Debtor operates a trampoline park at 5300 N. Powerline Road, Ft. Lauderdale, FL (the "Premises"), under the name Rockin' Jump, LLC.

3. The Debtor is operating from the Premises pursuant to a lease ("Lease"), dated on or about November 23, 2015. The Lease is between MDH Powerline Holding, LLC ("Landlord") and Debtor. A copy of the Lease agreement is attached as an exhibit to the adversary proceeding.

4. Prior to the commencement of this case, the Debtor was having various disputes with the Landlord. While in possession of the Premises, the Debtor began to continuously suffer at the hands of the Landlord and its agent, XBK Management, LLC d/b/a

Extreme Action Park ("Xtreme") beginning in late Fall 2017 because the Landlord and/or its agent Xtreme (with the knowledge, acquiescence or ratification of the Landlord) breached the Lease as follows: removed Debtor's internal signage; refused to fairly represent Debtor's facilities on the facility maps; interfered with Debtor's business; removed Debtor's satellite desk; blocked customers from seeing the Premises; improperly fixed the leaky roof; ignored the flooding issue in the parking lot; removed the Debtor from the Landlord's website; deprived Debtor of his entitlement to 15% off food at events taking place at the Premises; put in unauthorized cameras that interfered with Debtor's right to privacy; and interfered with the Lease's covenant of quiet enjoyment. The Debtor advised the Landlord of these problems. The issues were not resolved to the satisfaction of the Debtor. Notwithstanding all of the foregoing, however, the Debtor has diligently continued to pay all rents due to Landlord, resolving to the seek relief as to the Landlord's misconduct through this Court.

5. To that end, the Debtor sought to protect its interest in the Lease, as well as the vitality of the trampoline park, by commencing an adversary proceeding ("Adversary Proceeding") on or about July 19, 2019, in the United States Bankruptcy Court for the Southern District of Florida Broward Division, in an action captioned *Seven Stars on the Hudson Corporation, d/b/a Rockin' Jump v. MDG Powerline Holding, LLC and XBK Management LLC, d/b/a Xtreme Action Park*, case no. 19-01230-RBR ("Complaint"). Within the Complaint, the Debtor sought, *inter alia*, a declaratory judgment, breach of the Lease, including breach of the implied duty of good faith and fair dealing, breach of the covenant of quiet enjoyment, violation of the unfair and

deceptive trade practice act under Fla. Stat. § 501.204, assumption of the Lease, tortious interference with business relationships by Xtreme, and civil conspiracy.

6. The Adversary Proceeding is still pending in this bankruptcy case.

7. There has been no finding by any court of competent jurisdiction the Lease interest has been terminated.

8. Accordingly, pursuant to Bankruptcy Code §§ 365(a)(d), the Debtor hereby moves this Court for an Order approving the Debtor's assumption of the Lease, subject to the outcome of the Adversary Proceeding. By moving for such assumption, the Debtor is not waiving any claim it has asserted in the Adversary Proceeding, nor admitting any defenses interposed by the Defendants thereto. The Debtor will continue to pay rent and otherwise perform under the Lease unless and until this Court may otherwise direct.

**WHEREFORE**, for the foregoing reasons, it is respectfully prayed that this Court enter an Order approving the Debtor's assumption of the Lease, and for such and further relief as this Court may deem just and proper under the circumstances.

*(This area intentionally left blank)*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on October 3, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties to are not authorized to receive electronically Notices of Electronic Filing.

/s/ Sonya S. Slott, Esq.
Sonya S. Slott, Esq.
FLBN 603910

The Salkin Law Firm
PO Box 15580
Plantation, FL 33318
954-423-4469
sonya@msbankrupt.com