

**ORDERED in the Southern District of Florida on June 24, 2020.**

_____
**Scott M. Grossman, Judge
United States Bankruptcy Court**
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

In re:

Seven Stars on the Hudson Corp.,

    Debtor.

_____/

Case No. 19-17544-SMG

Chapter 11

## ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED

On June 19, 2020 Seven Stars on the Hudson Corp. (the "Debtor") filed an *Amended Petition for Non-Individuals Filing for Bankruptcy*[1] (the "Amended Petition") in which it elected to proceed under new subchapter V of chapter 11 of the Bankruptcy Code. The Debtor filed its chapter 11 bankruptcy petition on June 5,

---

[1] ECF No. 178.

1

2019.² At the time, the Debtor designated itself as a "small business debtor," as defined in the version of 11 U.S.C. § 101(51D) then in effect. While Federal Rule of Bankruptcy Procedure 1009 provides that "[a] voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed,"³ the issue now before the Court is what consequences flow from the Debtor's decision to amend its voluntary petition to elect to proceed under subchapter V more than a year into this case.⁴

Among the provisions of subchapter V are the requirements in 11 U.S.C. § 1188(a) that the Court hold a status conference not later than 60 days after the entry of the order for relief, and in 11 U.S.C. § 1189(b) that the debtor must file a plan not later than 90 days after the order for relief. The order for relief in this case was entered on June 5, 2019.⁵ Thus, upon electing to proceed under subchapter V more than a year into its case, the Debtor has now put itself in default of the requirements of both sections 1188(a) and 1189(b).⁶

---

² ECF No. 1.

³ Fed. R. Bankr. P. 1009.

⁴ *See, e.g., In re Moore Properties of Person County, LLC*, Case No. 20-80081, 2020 WL 995544, at *7 n.18 (Bankr. M.D. N.C. Feb. 28, 2020) (overruling objection to debtor's small business debtor designation made nine days after petition date, but observing that if "a debtor amends its election at a point in the case in which it creates cause to dismiss or convert the case under § 1112(b)(4)(J) or otherwise, a debtor's case will be in peril.").

⁵ The commencement of a voluntary case constitutes an order for relief. 11 U.S.C. § 301(b).

⁶ 11 U.S.C. §§ 1188(b), 1189(b). Sections 1188 and 1189 do, however, both contain exceptions that allow the Court to extend those deadlines "if the need for an extension is attributable to circumstances for which the debtor should not justly be held accountable."

Particularly with respect to the plan filing deadline, a debtor's failure to file a disclosure statement or to file or confirm a plan within the time fixed by the Bankruptcy Code constitutes cause for dismissal of this case.[7] Similarly, to confirm a chapter 11 plan – even one under new subchapter V – the plan must comply with the applicable provisions of the Bankruptcy Code, and the plan proponent must comply with the applicable provisions of the Bankruptcy Code.[8] Now that compliance with both sections 1188(a) and 1189(b) is impossible, it appears that the Debtor cannot confirm a plan and that this case should therefore be dismissed. Accordingly, it is

**ORDERED** that:

1. The Debtor, or any other party opposing dismissal of this case, must file a written response to this Order by no later than **4:00 p.m. on July 10, 2020**.

2. Any party supporting dismissal of this case may file a written reply by no later than **4:00 p.m. on July 17, 2020**.

3. The Court will then conduct a hearing on **July 28, 2020, at 1:30 p.m.** *via* CourtSolutions,[9] to hear oral argument on the issues raised in this Order.

# # #

---

[7] 11 U.S.C. § 1112(b)(4)(J). *See In re Double H Transportation LLC*, 614 B.R. 553, 554 (Bankr. W.D. Tex. Mar. 3, 2020) (striking amended petition and election of subchapter V status where election was made after expiration of Section 1189(b)'s plan filing deadline); *see also Moore Properties*, WL 995544, at *7 n.18. *But see In re Ventura*, Case No. 8-18-77193-reg, 2020 WL 1867898, at *8 (Bankr. E.D.N.Y. Apr. 10, 2020) (excusing debtor from complying with subchapter V deadlines that expired before the debtor could have elected to proceed under subchapter V).

[8] 11 U.S.C. §§ 1129(a)(1), (2); 1191(a).

[9] Appearances for CourtSolutions may be arranged online at www.court-solutions.com/SignUp or by telephone at (917) 746-7476. Individuals not represented by counsel will be able to use the telephonic services FREE of charge.

Copies furnished to:

Sonya Salkin Slott, Esq., who must serve a copy of this Order on all interested parties and file a certificate of service thereof.